IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

MARIO GARIBALDI-LOPEZ,
    PETITIONER,

V.

UNITED STATES OF AMERICA,
    RESPONDENT,

CRIM.NO. CR-03-00111

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 6 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

PETITIONER'S MEMORANDUM OF LAW AND FACTS
IN SUPPORT OF THIS ORIGINAL 2255 MOTION
FOR RELIEF PURSUANT TO TITLE 28, U.S.C.

Now comes petitioner, Mario Garibaldi-Lopez, pro Se herein, and moves this honorable Court for relief under 2255 motion which authority relief if petitioner(s) can shows that his confinement is unconstitutional, further that if petitioner(s) can show that there is a mixed question of law and fact, then this honorable court must hold an evidentiary hearing as requires on a factual predicate for a habeas motion by 28 USC 2255, which states that:

> "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the US Attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law respect thereof."

This will not be the case here, this case will prove that defense counsel was ineffectiveness for not protecting his due process of law, and for depriving him of his right to

-1-

a trial with effective assistance of counsel. Therefore, petitioner's request that this Honorable Court upon consideration of petitioner's claims, petitioner is a native of Mexico, with very little understanding of America system of law, and appears under the protection of <u>Haines v. Kerner,</u> 404 U.S. 519, 520 (1972)(pro se complaint held to less stringent standards than formal papers drafted by lawyers).

## BACKGROUND OF THIS CASE:

During the year of 2003, an indictment was polled by the Grand Jury against Mario Garibaldi-Lopez(petitioner herein), Fernando De La Cruz, and Luis Alberto Ochoa-Tijero, charging these three with conspired to distribute and to possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a schedule II controlled substance, all in violation of title 21, United States Code, section 841 (a)(1). Count two charged that, knowingly and intentionally attempted to possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a schedule II controlled substance, in violation of Title 21 United States Code, Section 846, 841(a)(1), and 841(b)(1)(A), and title 18, United States Code,Section 2. The indictment was handed down on March 6, 2003. A month after the alleged violation was said to had taking place, which was(On or about February,21, 2003)(a one month conspiracy).

While waiting for trial, counsel informed petitioner that if petitioner wanted to saved his wife and son from being indicted, to enter into a plea with the government for six years.

-2-

Petitioner's told counsel that he would take the six years plea agreement, However, at sentencing, the first plea agreement was no longer in effect, but some other plea was put before the court.

The Honorable judge sentenced petitioner to 168 months. After petitioner accepted the plea, which he though was the same plea for six years, defense counsel's refused to turned over any materials that petitioner's requested. Even to this point, petitioner have wrote and asked for a copy of everything that concerning his case, but have not received anything.

A. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM:

> WAS COUNSEL INEFFECTIVE FOR FAILURE TO HOLD THE GOVERNMENT TO THEIR OBLIGATION OF SIX YEARS AS PROMISED, TO INDUCED THE PLEA.

Plea agreement are contract, and thus plea is subject to contract law. U.S. v. Lezine, 166 F.3d 895, 901 (7th Cir.1999). The government cannot unilaterally determine that the petitioner's has breached his part of the plea agreement and refused to uphold its end of the bargain. An evidentiary hearing is require for the court to determine if substantial breached of the plea agreement has occurred, because breach of a plea agreements are considered contracts, a breach must be proven by a preponderance of evidence. U.S. v. Venusio, 803 F2d 885 (7th.Cir.1986). In this instant case, the role are reverse because the attorney's for the government has breached the terms of petitioner plea agreement, defense counsel stood mood and did nothing.

It took more than standing beside petitioner's to protect petitioner's Sixth Amendment right. Counsel could had informed the court that the plea for sentencing wasn't the plea that petitioner admitted.

Petitioner states that the district court judge faithful observance of the requirements of Rule 11 is just as vital to the fairness and efficiency of the process as the prosecutor's compliance. The court primary duty under that Rule is to insure not only the terms of the bargain are understood by petitioner, but that they are adhered to by both party as well as by the court itself.

Petitioner was in fact deprived of his due process rights due to defense counsel attorney David Klein negotiated two separate plea agreement that was unknown to petitioner. This had petitioner under the belief that he would recieved only six years. Petitioner asserts that if he had known that the plea contained more than that, he would have request for a trial, rather the government would in facts indicted his wife and son would have been left to be seen.

Petitioner, contends here that when the original negotiated unwritten plea agreement, he was not aware of the understanding that the government planned to disregard the initial agreement of six years. Petitioner was not informed of the changed of the plea until petitioner's was standing before the sentencing judge, only then did defense counsel informed petitioner that the first plea no longer exist. Petitioner asked counsel to withdraw his plea and defense counsel created a situation where if petitioner's withdraw his plea, petitioner and petitioner's family would suffered many years in prison. Thus, frozen petitioner to an involuntary plea and deprived petitioner from withdrawing his plea by counsel threats about petitioner's family. This action by counsel was unconstitutional and can never look upon as harmless.

This action caused the plea to flows from the mutual of advanage from petitioner and the prosecutor, each with their own reasons to avoid trial. Because of counsel, petitioner was misguided into believing that the 168 months was the best that could have came out of the ordeal, however, if counsel for petitioner had investigate the case and insist on the original plea of six years, that would have been the best deal. Petitioner was entitle to discussed this matter with a competent defense attorney, and that attorney duty was to protect petitioner rights from being violated by the government, but of course, defense counsel deprived petitioner from having those rights. Petitioner plea was involuntary and unconstitutional by counsel bad misleading advice. It is the assertion of this petitioner that defense counsel threats cause a break down within the defense field, and that petitioner was left unattended in the course of the new plea agreement, accordingly, petitioner's plea is manifestly unjust, and is a complete miscarriage of justice.

Petitioner's contends further that when determining whether a plea agreement has been broken, Courts look to what was reasonably understood by petitioner when he entered his plea of guilty. U.S. v. Arnett, 628, F2d 1162, 1164 (9th cir.1979), again petitioner understanding of his plea was that he would only received six years. By his own attorney not making him aware that the terms originally agreed upon are not binding, render attorney further ineffective by defense attorney not objecting to the breach of terms of six years.

The Courts in matters such as this, have decided that the first instant whether to grant specific performance of plea agreement or withdraw the guilty plea, U.S. v. Torres, 926 F2d 321,327

-5-

    PETITIONER WAS CONVICTED ON THE BASIC OF A GUILTY PLEA
THAT WAS PRODUCT OF INEFFECTIVE ASSISTANCE OF COUNSEL.
THIS VIOLATED PETITIONER'S RIGHT TO COUNSEL AND TO DUE
PROCESS OF LAW, AS GUARANTEED BY AMENDMENTS FIFTH, SIXTH
AND THE FOURTEENTH TO THE UNITED STATES CONSTITUTION.
SEE <u>HILL</u> V. <u>LOCKHART,</u> 474,U.S.(1985).

A district court's denial of a habeas corpus petition is reviewed de novo. See <u>Himes v. Thompson,</u> 336 F.3d 848 852 (9th Cir.2003). Petitioner's case is governed by the AEDPA, which provides, in pertinent part, that a federal court can only grant relief on a habeas claim which warranty for relief, that includes mix questions of law and facts that is contrary to the government responds, and petitioner can established ineffectiveness of counsel.

<u>COUNSEL FAILURE TO INVESTIGATE AND PREPARE FOR TRIAL</u>.

    The duty to investigate is part of a defendant's right to reasonably competent counsel. Indeed, "the principle is so fundamental that the failure to conduct a reasonable pretrial investigation may in itself amount to ineffective assistance of counsel. <u>United v. Tucker,</u> 716 F.2d 576,583 (9th Cir.1983). The American Bar Association states the duty as follows:

> It is the duty of the lawyer to conduct a prompt
> investigation of the circumstances of the case
> and to explore all avenues leading to facts
> relevant to the merits of the case and the
> penalty in the event of conviction. The
> investigation should always include efforts
> to secure information in the possession of
> of the prosecution and law enforcement authorities.

    Moreover, the investigatory process should begin immediately on appearance as counsel for defendant. An adequate defense cannot be framed if the lawyer does not know what is likely to develop at trial in criminal litigation, as in other matters, the information is the key guide to decisions and action. The lawyer who is ignorant of the facts of the case cannot serve the client effectively. Furthermore, the duty to investigate does not depend upon the

-6-

lawyer's ability or experience. The most able competent lawyer in the world can not render effective assistance in the defense of his client if his lack of preparation for trial results in his failure to learn of readily available facts which might have afforded his client a legitimate justiciable defense. Harris V. Blodgett, 853 F.Supp. 1239,1255 (W.D.WASH.1994)[citing Tucker, supra, and McQuen v. Swensen, 498 F.2d 207,217 (8th Cir.1994).

In violation of these basic principles, defense counsel in this case made no discovery motion, hire no investigator, and made no independent investigation. This fundamental failure to determine the facts from any source was deficient performance. Taken together, the above-described errors amount to a pattern of utterly deficient investigation in the face of facts which can and should have been developed to support petitioner's to a better defense."When an attorney has made a series of errors that prevents the proper presentation of a defense, it is appropriate to consider the cumulative impact of the errors in assessing prejudice. Citing Harris v. Wood, 64 f.3d 1432 1438-39(9th Cir.1998). The aggregate effect of the counsel performances is sufficient to satisfy the deficient performance prong of the ineffective assistance of counsel test. At the very least, this court should grant petitioner an evidentiary hearing on his ineffective assistance of counsel claim. See,e.g.,Caro v. Calderon, supra, 165 F.3d 1223[remanding for evidentiary hearing following summary dismissal of ineffective assistance of counsel claim on grounds that trial counsel had failed to investigate defendant's potential mental impairments] To denied petitioner's 2255 motion without a hearing, petitioner's Sixth Amendment rights will be violated.

Therefore, an evidentiary hearing is warrant in this case.

## CERTIFICATE OF SERVICE

I, Mario Garibaldi-Lopez, petitioner herein, pro Se, hereby swear that on this 24th day of April 2007, A true and correct copy of this 2255 motion/with memorandum of law and facts was mailed to:

Michael K. Kawahara, Esq.
United States Attorney's Office
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

Respectfully
/s/ Mario Garibaldi
Mario Garibaldi-Lopez