EDWARD H. KUBO, JR.      2499
United States Attorney
District of Hawaii

MICHAEL K. KAWAHARA      1460
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 07-0224SOM |
| | ) | CR. NO. 03-0111SOM |
| Plaintiff, | ) | |
| | ) | ORDER WAIVING DEFENDANT'S |
| VS. | ) | ATTORNEY-CLIENT PRIVILEGE WITH |
| | ) | RESPECT TO THE INSTANT 2255 |
| MARIO GARIBALDI-LOPEZ, | ) | PROCEEDINGS |
| | ) | |
| Defendant. | ) | |

**ORDER WAIVING DEFENDANT'S ATTORNEY-CLIENT**
**PRIVILEGE WITH RESPECT TO THE INSTANT 2255 PROCEEDINGS**

On April 26, 2007, defendant Mario Garibaldi-Lopez effected the pro se filing of his "Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter "2255 petition") in the above-captioned civil case. In his 2255 petition, defendant has asserted the alleged ineffective assistance of defense counsel David F. Klein, Esq., in connection with his entry of a guilty plea herein.

In Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003), the Ninth Circuit has held that "[i]t has long been the rule in

federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his alleged ineffective lawyer".  Given defendant's ineffective assistance of counsel claims asserted against defense counsel David F. Klein in his 2255 petition, it is hereby ordered that defendant's attorney-client privilege with respect to all of the communications, both verbal and written, with said attorney, as well as the records of said attorney associated therewith, is hereby waived for the purposes of the instant case.  Consequently, said attorney may testify (should an evidentiary hearing become necessary) and otherwise provide information concerning his communications with defendant and other information and evidence from their records to the United States and this Court in this case to resolve the aforesaid allegations in defendant's 2255 petition, and they may do so without regard to the attorney-client privilege.

     However, also in accordance with <u>Bittaker v. Woodford</u>, any such testimony and/or other information provided by said attorneys, as well as any records which they may have in connection therewith, shall only be used by the United States Attorney's Office for the District of Hawaii in the instant case

and for no other purpose without further order from this Court.

DATED: Honolulu, Hawaii; May 17, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

USA v. Garibaldi-Lopez, USDC-Hawaii Civil No. 07-0224SOM & Crim. No. 03-0111SOM, Order Waiving Defendant's Attorney-Client Privilege with Respect to the Instant 2255 Proceeding.