IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIO GARIBALDI-LOPEZ | ) | Cv.07-00224-SOM-KSC |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF DAVID F.** |
| | ) | **KLEIN** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF DAVID F. KLEIN**

I, David F. Klein, hereby declare as follows:

1.  I am an attorney licensed to practice law in the State of Hawaii. I was an attorney for MARIO GARIBALDI-LOPEZ in Criminal Case #03-00111-SOM.

2.  I have personal knowledge of the matters herein except and unless stated to be upon information and belief.

3.  By motion filed pursuant to *28 U.S.C. 2255*, Mr. Garibaldi has alleged that I was ineffective in my representation of him.

4.  By order filed May 17, 2007, the Honorable Mollway ordered that Mr. Garibaldi's attorney-client privilege is waived for purposes of this case.

5.  Mr. Garibaldi has alleged the ineffective assistance as follows:

1

"Ineffective assistance of counsel. Counsel mislead petitioner's into a plea, that was different than one petitioner pleaded to."

*Petition, p.5, paragraph 12, Ground 1.*

Ineffective assistance of counsel. Counsel failed to investigate and prepare for trial.

*Petition, p.6, paragraph 12, Ground 2.*

6. In addition, in the memorandum that accompanies the petition, Mr. Garibaldi alleges that "[w]hile waiting for trial, counsel informed petitioner that if petitioner wanted to saved his wife and son from being indicted, to enter into a plea with the government for six years." *Petitioner's Memorandum of Law, p. 2.*

7. Mr. Garibaldi also alleges that:

Petitioner's told counsel that he would take the six years plea agreement, However after sentencing, the first plea agreement was no longer in effect, but some other plea was put before the court.
The Honorable judge sentenced petitioner to 168 months. After petitioner accepted the plea, which he thought was the same plea for six years, defense counsel's refused to turned over any materials that petitioner's requested. Even to this point, petitioner have wrote and asked for a copy of everything that concerning his case, but have not received anything.

*Petitioner's Memorandum of Law, p. 2.*

8. Mr. Garibaldi has alleged that I failed to investigate and prepare for trial.

2

9. This case involved the allegation that Mr. Garibaldi had been involved in a drug conspiracy with two other codefendants.

10. Mr. Garibaldi was arrested on February 24, 2003.

11. Prior to my representation of Mr. Garibaldi, attorney Emmanuel Guerrero had previously represented him.

12. I started to represent Mr. Garibaldi on or about September 3, 2003.

13. Subsequently, I learned that on May 16, 2003, while represented by prior counsel, Mr. Garibaldi met with the government to inform them about people he knew were trafficking methamphetamine in Hawaii.

14. During the approximate six months from my initial representation to the change of plea, I met with Mr. Garibaldi numerous times, reviewed the discovery, met with potential witnesses, and visited and photographed the alleged crime scene.

15. According to provided law enforcement reports, Mr. Garibaldi was arrested after he had led the police on a high-speed car chase, abandoned his vehicle, and hid in bushes. In addition, located in his vehicle was an empty nylon holster. I

reviewed these reports with him, and Mr. Garibaldi did not refute that this occurred.

16. Also arrested for the alleged offense were two codefendants. It was my understanding that these codefendants were cooperating with the government and willing to testify against Mr. Garibaldi. In fact, at the time of their sentencing, the government filed motions for downward departure on behalf of both of these codefendants.

17. In addition, it was alleged that his minor son was at the crime scene at the time of the alleged offense. I met with the minor son prior to Mr. Garibaldi's change of plea for purposes of learning any potential exculpatory evidence. The minor son was unable to provide any such evidence. In fact, I was of the opinion that the son's testimony would be harmful to Mr. Garibaldi. I informed Mr. Garibaldi of my discussions with his son.

18. Furthermore, based upon my discussions with Mr. Garibaldi, it did not appear that he would be able to testify at trial as his testimony would harm Mr. Garibaldi's case.

19. In regards to his other allegations, I never informed Mr. Garibaldi that the government would charge his wife and son if he did not plead guilty. Mr. Garibaldi's son was a minor at the time of the offense and it was unlikely that the government would charge a minor. In addition, I was unaware of any allegation that Mr. Garibaldi's wife was involved in the offense.

20. Furthermore, I never told Mr. Garibaldi that he would receive a 6-year deal if he pleaded guilty. In fact, Mr. Garibaldi was advised that he was facing a 10-year mandatory minimum. Furthermore, he did not qualify for the safety-valve provision as Mr. Garibaldi had more than one criminal history point. Mr. Garibaldi was informed that the safety-valve provision did not apply.

21. I recommended to Mr. Garibaldi that he plead guilty because the evidence was overwhelming against him. After reviewing with him the evidence, discussing the law and his options, Mr. Garibaldi agreed to plead guilty.

22. I recommended to Mr. Garibaldi to plead without a plea agreement because the government would not agree to provide any benefit to him in exchange

      for his change of plea. Instead, I advised Mr. Garibaldi that without a plea agreement he would preserve his right to appeal if he so desired after sentencing. The proposed plea agreement contained the standard appellate waiver provisions required by the U.S. Attorney's Office. Mr. Garibaldi agreed with my recommendation.

23. After sentencing, I withdrew from the case in order that counsel could be appointed for purposes of appeal. Thereafter, I forwarded my files to his newly appointed counsel Arthur Ross.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated:    Honolulu, Hawaii June 26, 2007.

_____
David F. Klein