EDWARD H. KUBO, JR.        #2499
United States Attorney
District of Hawaii

MICHAEL K. KAWAHARA        #1460
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. NO. 07-0224 SOM |
| | ) | CR. NO. 03-0111 SOM-01 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN OPPOSITION TO |
| VS. | ) | DEFENDANT'S § 2255 PETITION; |
| | ) | CERTIFICATE OF SERVICE |
| MARIO GARIBALDI-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN OPPOSITION
## TO DEFENDANT'S § 2255 PETITION

The United States of America hereby opposes defendant's petition filed pursuant to 28 U.S.C. § 2255 (hereinafter "§ 2255 petition"). We submit that defendant's petition should be summarily dismissed without an evidentiary hearing, because in the words of the statute, ". . . the files and record of the case conclusively show that the prisoner is entitled to no relief."

On April 24, 2004, defendant pled guilty, without a plea agreement, to one count of conspiring with his co-defendants to distribute and to possess with intent to distribute 50+ grams

of methamphetamine, its salts, isomers and salts of its isomers,
and a second count of attempting to possess with intent to
distribute 50+ grams of methamphetamine, its salts, isomers and
salts of its isomers, in violation of 21 U.S.C. §§ 846 and
841(a)(1).  These offenses related to the shipment of a U.S.P.S.
Express Mail parcel from the mainland to Hawaii which contained
approximately 442.9 grams, net weight, of 50 - 54% pure
d-methamphetamine hydrochloride.  While the parcel was addressed
to co-defendant De La Cruz, defendant was the ultimate recipient
thereof.  Due to the quantity of methamphetamine contained in the
parcel, and as charged in the Indictment, defendant faced a
statutory penalty of at least 10 years imprisonment and up to
life.  See 21 U.S.C. § 841(b)(1)(A).

On July 29, 2005, this Court sentenced defendant to an
imprisonment term of 168 months, see T.P. (7/29/05 at 52), which
was the low end of his advisory Guideline sentencing range.[1]  In
any event, inasmuch as defendant neither qualified for a
"substantial assistance" departure motion (18 U.S.C. § 3553(e)),
nor the "safety valve" provision (18 U.S.C. § 3553(f)) due to his

---

[1]    As found by the Court, defendant's TOL was "33",
Criminal History Category III.  This resulted in an advisory
Guideline sentencing range of 168 - 210 months, and a statutory
minimum of ten years (120 months).  T.P.(7/29/05) at 43.

substantial criminal history, the lowest sentence this Court could ever impose was the statutory minimum of ten years (120 months).

As indicated in the record herein, David F. Klein, Esq., of Honolulu, was defendant's appointed counsel at the time of his plea and sentence herein.

Defendant subsequently appealed.  In an unpublished memorandum decision entered on May 22, 2006 in C.A. No. 05-10544, the U.S. Ninth Circuit Court of Appeal affirmed defendant's conviction.

In his § 2255 petition, defendant has claimed that Mr. Klein ineffectively represented him during the proceeding before this Court.  Specifically, defendant has contended that:

> While waiting for trial, [defense] counsel informed petitioner that if petitioner wanted to saved [sic] his wife and son from being indicted, to enter into a plea with the government for six years.
>
> Petitioner's [sic] told counsel that he would take the six years plea agreement, However, at sentencing, the first plea agreement was no longer in effect, but some other plea was put before the court.
>
> The Honorable judge sentenced petitioner to 168 months. After petitioner accepted the plea, which he though [sic] was for six years, defense counsel's refused to turned [sic] over any materials that petitioner's [sic] requested.  Even to this point, petitioner have wrote and asked for a copy of everything that concerning his case, but have not received anything.

Petitioner's supporting memorandum of law at 3-4.

3

It is hornbook law that "[i]f the allegations made in the [2255] motion are conclusively refuted by the record, then summary dismissal is appropriate. 28 Moore's Federal Practice 672.03[3] (Matthew Bender 3d ed. 1997). Accord, Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990). We submit that defendant's sworn representations made to this Court during the change-of-plea hearing, coupled with his own conduct during the sentencing hearing, entirely refuted his § 2255 petition's allegations that he believed he had a plea agreement with the prosecution for six years imprisonment and that he pled guilty to protect his son and wife.

At the change-of-plea hearing, this Court preliminarily asked defendant, "Mr. Klein said that you are here to plead guilty to both of these charges with no plea agreement. Is he correct?", to which defendant responded "yes, Your Honor." T.P. (4/27/04) at 4. This Court and defendant then had the following colloquy:

> THE COURT: Has anyone made any kind of promise to you if you do plead guilty?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Has anyone threatened you or done anything else to try to force you to plead guilty?
>
> THE DEFENDANT: No, Your Honor.

T.P.(4/27/04) at 4.

4

Moreover, given what was said during the change-of-plea hearing, it was impossible for defendant to have any belief that he was only facing a six-year imprisonment sentence.  The prosecutor expressly indicated that "with respect to each offense, the statute provides a minimum sentence of 10 years imprisonment and up to life imprisonment . . . ."  T.P.(4/27/04) at 5.  This Court then followed-up with additional questions for defendant, as follows:

> THE COURT: Okay.  So I want to make sure that you understand, Mr. Garibaldi-Lopez.  For each count there is a minimum 10 years in prison.  Do you understand?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: The maximum is life in prison.  Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

T.P.(4/27/04) at 5-6.

In other words, defendant had affirmatively told this Court at his change-of-plea hearing that there was no plea agreement in this case and that he was not being forced in any way to plead guilty (thereby refuting his averment that he pled guilty to allegedly protect his wife and son from prosecution).  Most importantly, defendant was also expressly on notice: (1) that the lowest possible sentence he could ever hope to receive was 120 months imprisonment, and (2) given the statutory maximum was life, that there was also a possibility of a more severe sentence being imposed.

The bottom line was that as a result of his unconditional plea of guilty to the Indictment, defendant's obvious strategy was to seek to have this Court impose the minimum 120- month imprisonment term at his sentencing.

Everything that occurred at the sentencing hearing was consistent with defendant's aforesaid sentencing strategy. As hereinbefore indicated, this Court specifically found and said out loud at sentencing that "there is a mandatory minimum 10 years set by statute . . . [and] the [advisory] guideline range . . . is 168 to 210 months. T.P.(7/29/05) at 43. When Mr. Klein made his sentencing argument, he started out saying "I would ask for the mandatory minimum, Your Honor, of 120 months." T.P.(7/29/05) at 44. At the conclusion of defense counsel's sentencing argument, defendant was given his opportunity to allocute. Defendant had just heard his own counsel, Mr. Klein, ask for a 120 month (ten year) imprisonment sentence, and instead of claiming his belief that he should only receive a six year sentence, defendant said the following to this Court:

> Madam Judge, Mr. Kawahara, I ask your forgiveness.
> Forgive me, Madam Judge. I created a big problem.
> I made a big mistake.
>
> I feel that I'm paying for something very, very hard in
> my life. The only thing I ask is to have another
> chance.
>
> This is my life: to work, to work hard. I never had
> any schooling. There were two of us brothers. My

6

parents didn't have time to educate me.  I have more
than 25 years in America.  I still don't know English
because of my education.

Madam Judge, I'm just asking you for an opportunity to
be with my children.  I'd like to be with them again.
And God knows that I'm telling the truth.  I am very
repentant for my errors.  And because of this I'm
asking for forgiveness from the bottom of my heart.

T.P.(7/29/05) at 47.

Thereafter, the prosecution made its sentencing
argument, wherein it recommended that defendant be sentenced to
the low end of the Guideline range, or 168 months of
incarceration.  T.P.(7/29/05) at 50.  Again, just like he could
have done after hearing his own attorney's sentencing
recommendation, if there was any scintilla of truth to his belief
that he had a plea agreement with the Government for a six-year
sentence, defendant should have voiced his concern at this time.
However, there is only silence on defendant's part in the record.
That defendant did nothing speaks volumes about the credibility
of his claims that he has not raised until the instant § 2255
petition.

We submit that the case of United States v. Cervantes,
132 F.3d 1106 (5th Cir. 1998), is right on point herein and
should control the disposition of the instant § 2255 petition.
In Cervantes, the defendant had pled guilty pursuant to a written
plea agreement and was sentenced to 97 months imprisonment.  In
her § 2255 motion, she claimed that her attorney was ineffective

7

because he advised that she would receive a sentence of no more than 37 months.  In affirming the District Court's dismissal without an evidentiary hearing, the Fifth Circuit stated:

> This [defendant's] testimony [at the change-of-plea hearing] and the plain terms of the plea agreement clearly refute Cervantes' allegations that her attorney had promised her a lower sentence based on an agreement with the government.  The plea agreement was short and unambiguous.  Cervantes' colloquy with the court expressly contradicts the existence of any promises or agreements not contained in the plea agreement.  Thus, the district court did not err in dismissing Cervantes' habeas claim without conducting an evidentiary hearing on the issue of ineffective counsel.

132 F.3d at 1111.

We have also submitted the written Declaration of David F. Klein in our prior Motion for Expansion of Record, filed June 29, 2007.  The facts tendered in Mr. Klein's Declaration are entirely consistent with defendant's sentencing strategy as reflected in the District Court record and heretofore described.  Consequently, this Declaration additionally refutes defendant's speculative assertions in his § 2255 petition.  As Mr. Klein has pointed out in his Declaration:

> 19.  In regards to his other allegations, I never informed Mr. Garibaldi that the government would charge his wife and son if he did not plead guilty. Mr. Garibaldi's son was a minor at the time of the offense and it was unlikely that the government would charge a minor.  In addition, I was unaware of any allegation that Mr. Garibaldi's wife was involved in the offense.
>
> 20.  Furthermore, I never told Mr. Garibaldi that he would receive a 6-year deal if he pleaded guilty.  In fact, Mr. Garibaldi was advised that he was facing a

10-year mandatory minimum.  Furthermore, he did not qualify for the safety-valve provision as Mr. Garibaldi had more than one criminal history point.  Mr. Garibaldi was informed that the safety-valve provision did not apply.

21.  I recommended to Mr. Garibaldi that he plead guilty because the evidence was overwhelming against him.  After reviewing with him the evidence, discussing the law and his options, Mr. Garibaldi agreed to plead guilty.

22.  I recommended to Mr. Garibaldi to plead guilty without a plea agreement because the government would not agree to provide any benefit to him in exchange for his change of plea.  Instead, I advised Mr. Garibaldi that without a plea agreement he would preserve his right to appeal if he so desired after sentencing.

Declaration of David F. Klein at 5-6.

For the reasons set forth herein, no evidentiary hearing is necessary because defendant's allegations are entirely refuted by the record in this case and as a consequence thereof, his 2255 petition should be summarily dismissed.

DATED: Honolulu, Hawaii, July 2, 2007.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Michael K. Kawahara
  MICHAEL K. KAWAHARA
  Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by U.S. Mail:

        MARIO GARIBALDI-LOPEZ
        Prisoner #03-001110-001
        FCI Medium A-South
        P.O. Box 90043
        Petersburg, VA 23804

        Defendant Pro Se

    DATED: Honolulu, Hawaii, July 2, 2007.


                  /s/ Shelli Ann H. Mizukami