IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| | ) | CV. NO. 07-00224 SOM-KSC |
| MARIO GARIBALDI-LOPEZ, | ) | CR. NO. 03-0111 SOM |
| | ) | |
| Petitioner-Defendant, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Before the court is Petitioner's motion for appointment of counsel in this case brought under 28 U.S.C. § 2255. In support of his motion, Petitioner alleges that (1) he is proceeding pro se and cannot afford counsel; (2) the issues presented are complex; (3) the prison law library does not have Spanish law books and he is a non-native speaking American; (4) the jailhouse lawyer who assisted him with his petition can no longer help him; and (5) the court has ordered an evidentiary hearing to be held.

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional right to counsel, however, for a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The right to counsel "extends to the first appeal of right, and no further." *Id*. Although appointment of counsel is not constitutionally guaranteed after completion of a

direct appeal of a conviction, the decision of whether to appoint counsel for such matters is within the discretion of the district court. *See United States v. Harrington*, 410 F.3d 598, 599 (9th Cir. 2005).

Rule 8(c) of the Rules Governing Section 2255 Proceedings provides that the Court *must* appoint counsel to represent a defendant who qualifies for appointed counsel under 18 U.S.C. § 3006A if an evidentiary hearing is warranted. Under the Rule, the Court *may* appoint counsel for a qualifying defendant at any other stage of a § 2255 proceeding. Furthermore, 18 U.S.C. § 3006A itself provides that the Court may appoint counsel for a qualifying defendant seeking relief under § 2255 if it determines "that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B).

Although Plaintiff alleges that the district court has ordered an evidentiary hearing here, he is mistaken. The court has, as a matter of course, simply set a hearing on his petition as a court reminder. As the date for that hearing draws nearer, and the Respondent has filed the Answer to the Petition and Petitioner has filed his Reply, the court will reevaluate the need for a hearing. At this stage of the proceedings, no determination has been made with respect to the need for an evidentiary hearing, thus, appointment of counsel is not mandatory under 18 U.S.C. § 3006A.

The Court finds that Petitioner has adequately articulated the claims he is asserting in his § 2255 Motion. At

this time, it is premature to appoint counsel for Petitioner.
The Court will consider the Government's response before making a
determination regarding appointing counsel.  Accordingly,
Petitioner's Motion for Appointment of Counsel is denied without
prejudice.

      IT IS SO ORDERED.

      Dated:  Honolulu, Hawaii, July 13, 2007.



                          Kevin S.C. Chang
                          United States Magistrate Judge

GARIBALDI-LOPEZ v. UNITED STATES, Cv. No. 07-00224 SOM; ORDER DENYING MOTION
FOR APPOINTMENT OF COUNSEL; dmp/ Appointcoun 07/Garibaldi-Lopez (07-224 2255)