IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIO GARIBALDI-LOPEZ, | ) | CIVIL NO. 07-00224 SOM/KSC |
| | ) | CRIM. NO. 03-00111 SOM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITIONER'S 28 |
| | ) | U.S.C. § 2255 PETITION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 PETITION

I.     INTRODUCTION.

On April 26, 2007, Petitioner Mario Garibaldi-Lopez ("Garibaldi-Lopez") filed a petition under 28 U.S.C. § 2255, arguing that his trial counsel, David F. Klein ("Attorney Klein"), was ineffective when he allegedly: (1) misinformed Garibaldi-Lopez about the maximum term of imprisonment he could be sentenced to if he pled guilty; (2) threatened Garibaldi-Lopez into pleading guilty; and (3) failed to investigate and prepare for trial. Garibaldi-Lopez seeks an evidentiary hearing on his ineffective assistance of counsel claims, vacation of his guilty plea, and resentencing.

Since the time he filed his petition, Garibaldi-Lopez has retained counsel. This court invited counsel to file a supplemental brief in support of the petition, with the thought that supplemental papers might justify an evidentiary hearing. Garibaldi-Lopez's counsel opted not to file supplemental papers and to add only oral argument. Because the record in the

criminal case shows conclusively that Garibaldi-Lopez is not entitled to relief, the court denies the § 2255 petition without holding an evidentiary hearing.

II.     STANDARD OF REVIEW.

A petitioner has the right to bring a petition under § 2255 when "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such a sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255.

If a § 2255 petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the petition. See 28 U.S.C. § 2255; see also United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990) ("To warrant an evidentiary hearing, a petitioner must 'make specific factual allegations which, if true, would entitle him to relief.'") (quoting Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982)).  If "the record conclusively shows [petitioner's] motion to be without merit," then no hearing is necessary.  United States v. Donn, 661 F.2d 820, 825 (9th Cir. 1981).  Only when the petitioner has "made reasonably plausible factual allegations that state a claim on which relief could be granted" must the court hold a hearing.

Id. at 825; see also Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Court ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

III.   BACKGROUND.

On March 6, 2003, Garibaldi-Lopez and others were indicted by a grand jury on: (1) one count of knowingly and intentionally conspiring to distribute and to possess with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and (2) knowingly and intentionally attempting to possess with intent to distribute fifty grams or more of methamphetamine, in violation of 18 U.S.C. § 2, and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846.  Indictment (3/6/2003) at 1-4.  On March 10, 2003, Garibaldi-Lopez, who was then represented by Emmanuel G. Guerrero, entered a plea of not guilty.  Minute Order (3/10/2003) at 1.  On September 3, 2003, Emmanuel G. Guerrero withdrew as counsel, and Attorney Klein was substituted as counsel for Garibaldi-Lopez.  Withdrawal and Substitution of Counsel (9/3/2003) at 1.

On April 27, 2004, the court held a hearing on Garibaldi-Lopez's motion to withdraw his not guilty plea and to plead anew.  Minute Order (4/27/2004) at 1.  During that hearing, Garibaldi-Lopez stated that he was satisfied with Attorney

Klein's representation and engaged in the following colloquy with the court:

> THE COURT: Now, Mr. Klein said that you are here to plead guilty to both of these charges with no plea agreement. Is he correct?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Has anyone made any kind of promise to you if you do plead guilty?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Has anyone threatened you or done anything else to try to force you to plead guilty?
>
> THE DEFENDANT: No, Your Honor.

Transcript of Proceedings ("Tr.") (4/27/2004) at 3-4.

At the hearing, the court and the Assistant United States Attorney, Michael K. Kawahara, clarified the minimum and maximum penalties that applied to the charges against Garibaldi-Lopez:

> THE COURT: Could I have you, Mr. Kawahara, state the maximum penalties and mandatory minimums that apply to these charges.
>
> MR. KAWAHARA: Yes, Your Honor. With respect to each offense the statute provides a minimum sentence of 10 years imprisonment and up to life imprisonment, a fine of up to $4 million or both, and a term of supervised release of at least five years and up to life. In addition, there is a mandatory special assessment of $100 per count.
>
> THE COURT: Okay. So I want to make sure that you understand, Mr. Garibaldi-

>     Lopez.  For each count there is a minimum 10
>     years in prison.  Do you understand?
>
>         THE DEFENDANT:  Yes, Your Honor.
>
>         THE COURT:  The maximum is life in
>     prison.  Do you understand that?
>
>         THE DEFENDANT:  Yes, Your Honor.

Id. at 5-6.  The court also informed Garibaldi-Lopez that it could not tell him what his appropriate sentence would be at that time because it did not have enough information.  Id. at 6.  The court then explained the Presentence Investigation Report process.  Id. at 6-7.  Garibaldi-Lopez indicated that he understood the court.  Id. at 7-8.

The court also told Garibaldi-Lopez, "[Y]ou don't have to plead guilty at all.  You can keep your not guilty plea, and then we'll have a trial.  You will continue to be presumed innocent, unless the government can prove you guilty beyond a reasonable doubt."  Id. at 8.  Garibaldi-Lopez then admitted to actions that established his commission of the crimes charged and pled guilty to both charges with no plea agreement.  Id. at 22.  On July 29, 2005, the court sentenced him to 168 months in custody followed by five years of supervised released.  Tr. (7/29/2005) at 54-55.

Garibaldi-Lopez appealed his conviction and sentence to the Ninth Circuit, which affirmed this court in a memorandum

disposition on May 22, 2006.  See <u>United States v. Garibaldi-Lopez</u>, No. 05-10544, 2006 WL 1381593 (9th Cir. May 22, 2006).

IV.     <u>ANALYSIS.</u>

Garibaldi-Lopez now argues that Attorney Klein was ineffective when he allegedly:  (1) misinformed Garibaldi-Lopez about the maximum term of imprisonment he could be sentenced to if he pled guilty; (2) threatened Garibaldi-Lopez into pleading guilty; and (3) failed to properly investigate and prepare for trial.  Garibaldi-Lopez makes no credible showing that Attorney Klein was ineffective in these ways.

To succeed on a claim of ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance and assistance was deficient, or "fell below an objective standard of reasonableness" of "prevailing professional norms," and (2) that counsel's performance prejudiced petitioner's defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).  Counsel's performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  <u>Id.</u> at 687.  In determining whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  <u>Id.</u> at 689.  "In evaluating the reasonableness of counsel's actions, a reviewing court must

consider the circumstances at the time of counsel's conduct, and cannot 'second-guess' counsel's decisions or view them under the 'fabled twenty-twenty vision of hindsight.'" Edwards v. Lamarque, 475 F.3d 1121, 1127 (9th Cir. 2007) (citing Strickland, 466 U.S. at 690). To demonstrate prejudice, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. If either prong of this test is not satisfied, the court must find that counsel's performance was constitutionally effective. See id. at 696.

### A. Counsel's Alleged Misinformation Regarding Garibaldi-Lopez's Maximum Prison Term.

Garibaldi-Lopez asserts that Attorney Klein incorrectly told him that, if he entered a guilty plea, he would be sentenced to a maximum term of imprisonment of six years. Petition at 5; Petitioner's Memo. at 2-5. Garibaldi-Lopez says he was unaware that he could be sentenced to more than six years in prison "until [he] was standing before the sentencing judge." Id. at 4. Garibaldi-Lopez alleges that Attorney Klein was ineffective in "not objecting to the breach of terms of six years." Id. at 5. Attorney Klein denies having told Garibaldi-Lopez that his maximum term of imprisonment would be six years.[1] Even assuming

---

[1] Attorney Klein denies Garibaldi-Lopez's allegations. Declaration of David F. Klein (6/26/2007) ("Klein Decl'n") ¶ 20 ("I never told Mr. Garibaldi that he would receive a 6-year deal if he pleaded guilty. In fact, Mr. Garibaldi was advised that he

7

that his attorney made such statements, however, Garibaldi-Lopez shows no prejudice, as this court's discussions with him at the change of plea hearing informed Garibaldi-Lopez that he would receive a sentence of imprisonment between ten years and life.

As recounted above, at the April 27, 2007, change of plea hearing, Garibaldi-Lopez stated that no one had promised him anything if he chose to plead guilty.  Tr. (4/27/2004) at 4.  Additionally, the court, as well as the Assistant United States Attorney, stated that each charge carried a mandatory minimum prison term of ten years and that Garibaldi-Lopez could be sentenced to life imprisonment for each charge.  Id. at 5-6.  Garibaldi-Lopez indicated that he understood the minimum and maximum prison terms he could be sentenced to.  Id.  The court also informed him that it could not tell him what the appropriate sentence would end up being because it did not have enough information before it.  Id. at 6-7.  Again, Garibaldi-Lopez indicated that he understood the court.  Id. at 7.  At the end of the hearing, he pled guilty to both charges against him.  Id. at 22.

---

was facing a 10-year mandatory minimum."); see also id. ¶ 21 ("I recommended to Mr. Garibaldi that he plead guilty because the evidence was overwhelming against him."); ¶ 22 ("I recommended to Mr. Garibaldi to plead without a plea agreement because the government would not agree to provide any benefit to him in exchange for his change of plea.").

Given the discussion between the court and Garibaldi-Lopez at his change of plea hearing, Garibaldi-Lopez has not shown a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Even assuming Attorney Klein misinformed him about the potential prison term, Garibaldi-Lopez was clearly informed before he changed his plea that he would receive a sentence of at least ten years. Garibaldi-Lopez therefore was not harmed by any statements by his attorney on term lengths, even assuming Attorney Klein made the alleged comments, which he denies.

  B.  Counsel's Alleged Threat to Garibaldi-Lopez.

Garibaldi-Lopez alleges that Attorney Klein threatened him into pleading guilty by telling him that "if petitioner wanted to save[] his wife and son from being indicted, [he had] to enter into a plea with the government . . . ."[2] Petitioner's Memo. at 2. Garibaldi-Lopez's allegations are refuted by the criminal case record, and the court denies his petition regarding any alleged threat.

---

[2] Attorney Klein denies Garibaldi-Lopez's allegation. Klein Decl'n ¶ 19 ("I never informed Mr. Garibaldi that the government would charge his wife and son if he did not plead guilty. Mr. Garibaldi's son was a minor at the time of the offense and it was unlikely that the government would charge a minor. In addition, I was unaware of any allegation that Mr. Garibaldi's wife was involved in the offense.").

At the April 27, 2007, change of plea hearing, the court asked Garibaldi-Lopez, "Has anyone threatened you or done anything else to try to force you to plead guilty?" Tr. (4/27/2004) at 4. Under oath, Garibaldi-Lopez responded, "No, Your Honor." Id. Additionally, the court told Garibaldi-Lopez, "[Y]ou don't have to plead guilty at all. You can keep your not guilty plea." Id. at 8. Garibaldi-Lopez fails to show that anyone threatened him into pleading guilty or that his counsel's performance and assistance were deficient in this regard. Strickland, 466 U.S. at 687-88. The court therefore denies Garibaldi-Lopez's petition with respect to his allegation that Attorney Klein threatened or forced him into pleading guilty.

### C. Counsel's Alleged Failure to Investigate and to Prepare for Trial.

Garibaldi-Lopez also claims that Attorney Klein was ineffective because he allegedly "failed to investigate and prepare for trial." Petition at 6; Petitioner's Memo. at 6-7. Specifically, Garibaldi-Lopez alleges that Attorney Klein "made no discovery motion, hire[d] no investigator, and made no independent investigation."[3] Petitioner's Memo. at 7. Even assuming that this alleged conduct establishes that Attorney

---

[3] Attorney Klein disputes these allegations. Klein Decl'n ¶ 14 ("I met with Mr. Garibaldi numerous times, reviewed the discovery, met with potential witnesses, and visited and photographed the alleged crime scene."), ¶ 17 ("I met with the minor son prior to Mr. Garibaldi's change of plea for purposes of learning any potential exculpatory evidence.").

Klein's performance and assistance were deficient, Garibaldi-Lopez does not state how he was prejudiced. See Strickland, 466 U.S. at 687-88.  Having not even alleged how he was prejudiced by Attorney Klein's conduct in this regard, Garibaldi-Lopez fails to establish that Attorney Klein was ineffective.  See id.

Because the record in the criminal case conclusively shows that Garibaldi-Lopez is entitled to no relief, the court denies his request for an evidentiary hearing.  See 28 U.S.C. § 2255 ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . ."); see also Donn, 661 F.2d at 825.

V.	CONCLUSION.

The petition is denied without an evidentiary hearing. The Clerk of Court is directed to enter judgment for the United States and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 6, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Garibaldi-Lopez v. United States, Civ. No. 07-00224 SOM/KSC; Crim. No. 03-00111 SOM; ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 PETITION.